IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| EUGENE J. KERNAN,           ) | CIV. NO. 06-00368-DAE-BMK |
|                              ) | |
| Plaintiff,       ) | ORDER DENYING EUGENE J. |
|                              ) | KERNAN'S PETITION TO |
| vs.                ) | QUASH, AND FINDING AND |
|                              ) | RECOMMENDATION THAT (1) |
| INTERNAL REVENUE SERVICE, ) | DOLORES KRAINSKI'S MOTION |
| SUSAN MITSUYOSHI, and JOHN ) | TO DISMISS BE DENIED, (2) |
| DOE (GRANT KAWAMOTO),    ) | EUGENE J. KERNAN'S PETITION |
|                              ) | TO QUASH BE DISMISSED, AND |
| Defendants,      ) | (3) THAT THE IRS SUMMONS BE |
|                              ) | ENFORCED |
| and                    ) | |
|                              ) | |
| UNITED STATES OF AMERICA, ) | |
|                              ) | |
| Third-Party Petitioner,    ) | |
|                              ) | |
| vs.                ) | |
|                              ) | |
| DOLORES A KRAINSKI,           ) | |
|                              ) | |
| Third-Party Respondent. ) | |
| _____ ) | |

ORDER DENYING EUGENE J. KERNAN'S PETITION TO QUASH, AND
FINDING AND RECOMMENDATION THAT (1) DOLORES KRAINSKI'S
MOTION TO DISMISS BE DENIED, (2)  EUGENE J. KERNAN'S
PETITION TO QUASH BE DISMISSED, AND (3)
<u>THAT THE IRS SUMMONS BE ENFORCED</u>

On June 20, 2006, the Internal Revenue Service ("IRS") issued an

administrative summons to Dolores A. Krainski ("Krainski"), directing her to

1

appear before Defendant Internal Revenue Service Agent Susan Mitsuyoshi ("Mitsuyoshi") on July 6, 2006, and give testimony about Plaintiff Eugene J. Kernan ("Kernan"), whom the IRS is investigating for the promotion of abusive tax arrangements. Kernan filed a petition to quash this summons on June 30, 2006. On August 29, 2006, the United States filed a third-party counter-petition to enforce the IRS summons. Kernan then issued subpoenas to the IRS. He filed a motion to compel compliance with those subpoenas on November 10, 2006. Meanwhile, Krainski filed a motion to dismiss the United States' third-party petition on October 20, 2006. These matters were heard on January 19, 2007.

After careful consideration of the motions, the supporting and opposing memoranda, and the arguments of counsel, the Court ORDERS that Kernan's motion to compel be DENIED; FINDS that the Powell factors have been met; and RECOMMENDS that Krainski's motion to dismiss be DENIED, that Kernan's petition to quash be DISMISSED, and that the summons be ENFORCED.

## LEGAL STANDARD

The IRS has broad authority to issue summonses under 26 U.S.C. § 7602(a). See Tornay v. United States, 840 F.2d 1424, 1431 (9th Cir. 1988). A person under investigation by the IRS may bring a proceeding to quash an IRS

2

summons.  26 U.S.C. § 7609(b).  In response, the United States may file a counter-petition to enforce the summons.  26 U.S.C. § 7609(b)(2)(a), see also Wilde v. United States, 385 F.Supp.2d 966, 968 (D. Ariz. 2005).

To enforce a summons, the United States must show that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information that is not already within the IRS's possession; and (4) satisfies all administrative steps required by the Internal Revenue Code.  United States v. Powell, 379 U.S. 48, 57-58 (1964).  The prima facie showing required of the United States is "minimal" and may be satisfied by an affidavit of the investigating agent.  Liberty Fin. Servs. v. United States, 778 F.2d 1390, 1392 (9th Cir. 1985).

Once the United States has made its prima facie showing, the burden then shifts to the taxpayer to show an abuse of process.  Id.; see Powell, 379 U.S. at 58.  This is a "heavy" burden, and to meet it, the taxpayer must include "specific facts and evidence to support his allegations."  Liberty Fin. Servs., 778 F.2d at 1392.

## DISCUSSION

I.  KERNAN'S PETITION TO QUASH & THE UNITED STATES' THIRD PARTY PETITION TO ENFORCE THE SUMMONS

In response to Kernan's motion to quash the IRS summons issued to Krainski, the United States filed a counter-petition to enforce the summons pursuant to 26 U.S.C. § 7609(b)(2)(a). The Court FINDS that Kernan is unable to meet his "heavy" burden of rebutting the United States' prima facie case, and RECOMMENDS that Kernan's petition to quash be DISMISSED and that the summons be ENFORCED.

The United States has made the required prima facie showing under Powell. First, Revenue Agent Mitsuyoshi has declared that the summons was issued for a legitimate purpose; namely, in furtherance of an investigation into whether Kernan has promoted abusive tax arrangements. Second, she has declared that the summons seeks information relevant to that investigation. Third, she has declared that Krainski has not yet appeared before her to give testimony. Fourth, Mitsuyoshi has declared that "all administrative steps required by the Internal Revenue Code for the issuance and service of the summons have been followed," except for giving Eugene Kernan, as a person identified in the summons, notice at

least twenty-three days before the date set for compliance. (Second Mitsuyoshi Decl., filed Oct. 23, 2006.)

Once the United States has met its minimal burden, Kernan is unable to meet his "heavy" burden and show "specific facts and evidence" sufficient to overcome the United States' prima facie case, Liberty Fin. Servs., 778 F.2d at 1392.

First, Kernan argues that Powell's "legitimate purpose" test is not met because there can be no liability for tax preparers under Sections 6694 and 6695 of the Internal Revenue Code, and he is not a preparer. Even if this is the case, however, the summons also explicitly requests information about Kernan for violations of Sections 6700 and 6701, which do not require "preparer" status.

Second, Kernan contends that Powell's "relevancy" test is not met because he alleges that the IRS seeks to obtain information about someone other than himself. Kernan is unable to muster any "specific facts and evidence," id. to support this allegation, however.

Third, Kernan asserts that Powell's "in possession" test is not met because he believes Mitsuyoshi must already have in her possession returns which bear his signature as a preparer. Here, however, all the IRS currently seeks is *testimony* from Krainski, not any documents. It is undisputed that Krainski has not

yet testified before the IRS; thus, the IRS cannot already be in possession of her testimony.

Fourth, Kernan asserts that the IRS has failed to "satisfy all administrative steps" as required by Powell. The only specific evidence of administrative shortcoming which Kernan is able to present is Mitsuyoshi's failure to provide Kernan the required 23 days of notice before Krainski's appearance date. The third-party summons was dated June 20, 2006, and the appearance date was set for July 6, 2006, providing Kernan with just 16 days of notice. Kernan suffered no prejudice from the shortened time, however, as he was able to file a motion to quash which served to stay the proceedings. Krainski has still not, in fact, testified before the IRS, some 8 months after the notice was given. Because there has been no prejudice, the summons is enforceable despite this procedural shortcoming.

II. KERNAN'S MOTION TO COMPEL

In an attempt to further his motion to quash, Kernan subpoenaed a number of IRS documents and the testimony of Mitsuyoshi. Kernan seeks to use these subpoenas as a discovery tool. However, discovery is generally not allowed in summons enforcement cases. Chen Chi Wang v. United States., 757 F.2d 1000, 1004 (9th Cir. 1985). Discovery is only allowed where the taxpayer is able to raise

a "substantial challenge" to the United States' prima facie showing by "alleging specific facts that raise 'sufficient doubt' about the validity of the summonses." Stuart v. United States, 813 F.2d 243, 251 (9th Cir. 1987), rev'd on other grounds, 489 U.S. 353 (1989).

Here, Kernan is unable to raise "sufficient doubt," id., about the validity of the summons. The Court rules that Kernan is not entitled to discovery, and ORDERS that Kernan's motion to compel compliance with the subpoenas duces tecum be DENIED.

III.    KRAINSKI'S MOTION TO DISMISS

Krainski moves the Court to dismiss the United States' third party petition to enforce the summons against her. She asserts five arguments in support of her motion; the Court FINDS that none of these arguments prevail, and RECOMMENDS that her motion to dismiss be DENIED.

First, Krainski argues that the petition should be dismissed for insufficiency of process. Specifically, Krainski alleges that the United States failed to serve her a court-issued summons as required by Rule 4(c) of the Federal Rules of Civil Procedure. While it is true that no court-issued summons was served on Krainski, she was served with an Amended Order to Show Cause which provided Krainski with ample notice of her opportunity to be heard.

Second, Krainski contends that not only was the process insufficient, but that the service of process was also insufficient. Krainski argues that she should have been served with the Amended Order within 21 days of the date that it was served on the United States, but that she was actually served 23 days after service on the United States. The Amended Order actually states, however, that it should be served within 21 days, "or as soon thereafter as possible." Kernan v. Internal Revenue Service, No. 06-00368 DAE-BMK (D. Haw. Sep. 18, 2006) (amended order to show cause). Given that service was attempted four times prior to the successful fifth attempt, the United States complied with the Amended Order, and service of process was sufficient.

Third, Krainski argues that the petition is improper because in general, a summons cannot be enforced against the individual to whom it is issued by means of a third-party complaint filed under Rule 14 of the Federal Rules of Civil Procedure. Krainski is indeed correct that this is not a traditional use of Rule 14, where "the third party's liability is in some way dependant on the outcome of the main claim and the third party's liability is secondary or derivative," United States v. One 1977 Mercedes Benz, 708 F.2d 444, 452 (9th Cir. 1983). However, trial courts also have discretion to balance "the purposes of the Rule" against "any prejudice which the impleaded party might suffer." Am. Fid. & Cas. Co. v.

8

Greyhound Corp., 232 F.2d 89, 92 (5th Cir. 1956).

Here, the Court finds that Rule 14's purpose of avoiding duplication and providing consistent results are well served by the impleading of Krainski. The Court also finds that Krainski has not been prejudiced by this impleading. Balancing these strong benefits from Krainski's impleader against a negligible harm, the Court finds that the United States may properly enforce its summons against Krainski by means of a third-party complaint filed under Rule 14.

Fourth, Krainski contends that her motion to dismiss should be granted because the third-party petition is not framed as an original complaint. This is not correct. The United States' petition states the basis for jurisdiction, a claim showing that it is entitled to relief, and the judgment demanded. Thus, the petition is properly framed as an original complaint.

Fifth, Krainski argues that the petition violates her Fifth Amendment right against self-incrimination. This Fifth Amendment right, however, cannot be claimed as a "blanket assertion." United States v. Brown, 918 F.2d 82, 84 (9th Cir. 1990). Therefore, it cannot serve as a grounds for dismissing this petition.

## CONCLUSION

For the foregoing reasons, the Court hereby ORDERS that Kernan's motion to compel be DENIED; FINDS that the Powell factors have been met; and

RECOMMENDS that Krainski's motion to dismiss be DENIED, that Kernan's petition to quash be DISMISSED, and that the summons be ENFORCED.

IT IS SO ORDERED.

IT IS SO FOUND & RECOMMENDED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: February 22, 2007

Kernan v. Internal Revenue Service; ORDER DENYING EUGENE J. KERNAN'S PETITION TO QUASH, AND FINDING AND RECOMMENDATION THAT (1) DOLORES KRAINSKI'S MOTION TO DISMISS BE DENIED, (2) EUGENE J. KERNAN'S PETITION TO QUASH BE DISMISSED, AND (3) THAT THE IRS SUMMONS BE ENFORCED; CIV. NO. 06-00368-DAE-BMK.