IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| EUGENE J. KERNAN,<br><br>        Petitioner,<br><br>  vs.<br><br>INTERNAL REVENUE SERVICE;<br>SUSAN MITSUYOSHI, and JOHN<br>DOE (GRANT KAWAMOTO),<br><br>        Respondents.<br><br>  and<br><br>UNITED STATES OF AMERICA,<br><br>        Third-Party<br>        Petitioner,<br><br>  vs.<br><br>DOLORES A. KRAINSKI,<br><br>        Third-Party<br>        Respondent.<br>_____ | CV. NO. 06-00368 DAE-BMK |

## ORDER DENYING PETITIONER'S OBJECTION TO THE MAGISTRATE JUDGE'S FINDING AND RECOMMENDATION AND ADOPTING SAME

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Petitioner's Objection to the Magistrate Judge's Finding and Recommendation and the supporting and opposing memoranda, the Court DENIES Petitioner's Objection.[1]

### BACKGROUND

This is a federal income tax case involving an examination into Petitioner Eugene J. Kernan's liability for the alleged promotion of abusive tax arrangements, which the Internal Revenue Service ("IRS") is investigating. On June 20, 2006, the IRS issued an administrative summons to Dolores A. Krainski ("Krainski") to give testimony about Petitioner before IRS Agent Susan Mitsuyoshi on July 6, 2006. On June 30, 2006, Petitioner filed a petition to quash the summons.

On February 22, 2007, Magistrate Judge Barry M. Kurren ("Magistrate Judge") issued an Order Denying Eugene J. Kernan's Petition to Quash, and Finding and Recommendation that (1) Krainski's Motion to Dismiss be

---

[1] Petitioner brought the instant action as a Motion for Certification under 28 U.S.C. § 1292 re Denial of Motion to Compel. Because of the nature of the motion, however, the Court construes Petitioner's motion as an Objection to the Magistrate Judge's Finding and Recommendation.

Denied, (2) Eugene J. Kernan's Petition to Quash be Dismissed, and (3) that the IRS Summons Be Enforced ("F&R"). In the F&R, the Magistrate Judge found, inter alia, that, despite the IRS's procedural shortcoming in not providing Petitioner with the required 23-days notice before Krainski's appearance, the summons was still enforceable because Petitioner suffered no prejudice. (F&R at 6.) On March 5, 2007, Petitioner filed the instant objection to the F&R. On March 15, 2007, Respondents filed a response, and, on March 22, 2007, Petitioner filed a reply.

## STANDARD OF REVIEW

Any party may serve and file written objections to proposed findings and recommendations. See 28 U.S.C. § 636(b). Pursuant to Local Rule 74.2, when a party objects to a magistrate judge's dispositive order, findings, or recommendations, the district court must make a de novo determination. A *de novo* review means "the court must consider the matter anew, the same as if it had not been heard before and as if no decision previously had been rendered." U.S. Pac. Builders v. Mitsui Trust & Banking Co., 57 F. Supp. 2d 1018, 1024 (D. Haw. 1999) (citation omitted).

"The court may 'accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.' The judge may also receive

further evidence or recommit the matter to the magistrate with instructions." McDonnell Douglas Corp. v. Commodore Bus. Machs., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981) (citation omitted); LR 74.2.

## DISCUSSION

Petitioner disputes the validity of the summons that he received, arguing that the IRS did not provide him with the requisite 23-days notice pursuant to 26 U.S.C. § 7609(a). Petitioner also asserts that administrative summonses are limited to investigations under Title 27 of the Code of Federal Regulations; that the "John Doe" requirements of 26 U.S.C. § 7609(f) apply and were not met; that the IRS failed to serve an attested copy of the summons on the summoned third party under 26 U.S.C. § 7603; and that revenue agents lack authority to issue summonses.[2] Thus, Petitioner urges the Court to reject the Magistrate Judge's denial of his petition to quash and enforcement of the summons.

---

[2] Petitioner raised a new argument in his reply, contending that he is not within the limited class of people that the IRS has authority to summon under 26 U.S.C. § 7602(a). The Court shall not address that argument because Respondents have not had an opportunity to respond. Even if the Court were to address that argument, it would note that the plain language of the statute authorizes a summons for any person liable for tax or required to perform the act, among others, which, on its face, would include Petitioner. Furthermore, the Court would point out that Petitioner was not the person summoned, but rather the person summoned was Krainski.

Respondents admit, as they did below through Revenue Agent Mitsuyoshi, that the IRS did not provide Petitioner with the requisite 23-days notice, but rather provided him with 16-days notice before Krainski's appearance. Nonetheless, Respondents argue that the summons should be enforceable because Petitioner suffered no prejudice as a result, as he was able to petition to quash the summons in a timely manner. Moreover, Respondents dispute that administrative summonses are limited to Title 27; they argue that 26 U.S.C. § 7609(f) does not apply; they contend that Petitioner does not have standing to argue lack of attestation and that, in any case, such an attestation was provided; and they note that revenue agents have authority to issue summonses.

First, concerning the IRS's failure to notify within the 23-day period pursuant to 26 U.S.C. § 7609(a), this Court, among others, has recognized the discretionary power that a district court has in excusing "technical" notification requirements when substantial prejudice has not resulted. See Travis v. Miki, 394 F. Supp. 2d 1277, 1282 (D. Haw. 2005); see also Cook v. United States, 104 F.3d 886, 889 (6th Cir. 1997); Sylvestre v. United States, 978 F.2d 25, 27-28 (1st Cir. 1992). In each of those cases, the courts declined to quash the summonses based on technical deficiencies. Here, Revenue Agent Mitsuyoshi declared that the IRS followed all administrative steps, except for the 23-day notice requirement. (F&R

5

at 4.)  As the Magistrate Judge found, Petitioner suffered no prejudice from this delay because he was able to file, and he did file, a motion to quash, which stayed the proceedings.  (Id. at 6.)  A relatively short delay combined with no prejudice and the filing of a motion to quash typically results in harmless error.  See Travis, 394 F. Supp. 2d at 1282.  Without the demonstration of any prejudice, the Court accepts the Magistrate Judge's finding that the summons is enforceable despite that procedural shortcoming.  (F&R at 6.)

Still, like the Sixth Circuit in Cook, the Court cautions the IRS that its decision does not give the IRS a "license to ignore statutory deadlines or to negligently violate other legal requirements."  104 F.3d at 890.  It, furthermore, admonishes the IRS that it "would be well advised in the future to heed the warning . . . ," and that the "court shall review future violations of technical legal requirements by the I.R.S. and its agents and attorneys with an increasingly critical eye."  Id. at 890-91; see also Scott v. United States, No. 1:00CV-215, 2001 WL 513398, at *1-2 (W.D. Ky. 2001) (declining to "turn its head" to the IRS's failure to comply with its statutory requirements, warning the IRS that it "should strive for technical compliance").  The Court does not condone the IRS's failure to comply with its statutory requirements, and, if the tables were turned, the Court would invoke the same discretion to determine whether the Petitioner's failure to comply

6

prejudiced the IRS.  Further, the Court sees absolutely no evidence of willful misconduct on the part of the IRS or any of its agents.  Were this a tactical move by the IRS, the result would be different.

Second, Petitioner argues that IRS administrative summonses are limited to Title 27 of the Code of Federal Regulations.  The basis of Petitioner's argument is unclear.  26 U.S.C. § 7602 does not limit the summonses to Title 27 or to any other title for that matter.  The only limitations for administrative summonses under § 7602 are when there is a Justice Department referral or there is an examination of unreported income, neither of which Petitioner alleges.  26 U.S.C. §§ 7602(d) and (e).

Third, as for the requirement of judicial approval before a summons may be served seeking information on the tax liability of an unnamed person under 26 U.S.C. § 7609(f), that section does not apply here.  The summons was issued to determine the tax liability of a <u>named</u> person, that is, Petitioner.  Although unknown customers may testify about false statements concerning tax laws that Petitioner allegedly made, the testimony of those persons does not make § 7609(f) applicable when it otherwise would not be.  <u>See</u> <u>Liberty Fin. Servs. v. United States</u>, 778 F.2d 1390, 1393 (9th Cir. 1985).  (<u>Response</u> at 4.)

Fourth, Petitioner asserts that the IRS must serve an attested copy of the summons on the summoned third party under 26 U.S.C. § 7603. While that is true, even assuming that Petitioner has standing to assert this claim for a summons issued to Krainski, Petitioner has failed to prove that an attested copy was not delivered. Petitioner cites Exhibit A attached to Agent Mitsuyoshi's declaration, which is a copy of the original summons. (Docket No. 15.) An original summons would not contain a copy of an attestation, as Respondents point out. Moreover, in her declaration, Agent Mitsuyoshi even stated that she "served the summons on Dolores Krainski by leaving an attested copy of the summons with Eugene Kernan in Krainski's presence at Krainski's residence." (Mitsuyoshi's Decl. ¶ 6.) Petitioner has not provided the Court with a copy of the papers served on Krainski to prove otherwise. Consequently, Petitioner has failed to prove that the IRS did not serve an attested copy of the summons on Krainski under 26 U.S.C. § 7603, and the documents filed indicate the contrary.

Fifth, the IRS is entitled to enforce its summonses through power ultimately delegated to it from the Commissioner of the IRS. See United States v. Derr, 968 F.2d 943, 946-47 (9th Cir. 1992); Delegation Order No. 4 (Revision 23), Internal Revenue Manual § 1.2.52.7, at http://www.irs.gov/irm/part1/ch02s19.html; Delegation Order No. 193 (Revision 6), Internal Revenue Manual § 1.2.40.19, at

http://www.irs.gov/irm/part1/ch02s07.html.  Accordingly, Petitioner's argument that the revenue agents lacked the power to issue summonses holds no weight.

## CONCLUSION

For the reasons stated above, the Court DENIES Petitioner's Objection to the Magistrate Judge's Finding and Recommendation.  The Finding and Recommendation is hereby adopted.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, April 30, 2007.



_____
David Alan Ezra
United States District Judge

Eugene J. Kernan vs. Internal Revenue Service, et al., Civil No. 06-00368 DAE-BMK; ORDER DENYING PETITIONER'S OBJECTION TO THE MAGISTRATE JUDGE'S FINDING AND RECOMMENDATION AND ADOPTING SAME